**UNITED STATES v. GICINTO.**

No. 18424.

United States District Court
W. D. Missouri.

Jan. 16, 1953.

442

Honorable Sam M. Wear, U. S. Atty. and Hugh A. Miner, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Harry E. Whitney, Kansas City, Mo., for defendant.

REEVES, District Judge.

Both motions have been examined. The motion to dismiss the indictment partakes of the nature of the former demurrer. The indictment was returned under Section 472 Title 18 U.S.C.A. It is there provided that: "Whoever, with intent to defraud, passes * * * any * * * counterfeited * * * obligation * * * of the United States, * * *."

The indictment is in three counts and specifically charged that the defendant "on or about August 24, 1952, at Kansas City, Missouri, in the Western District of Missouri, * * * with intent to defraud did pass, utter and publish a falsely made and counterfeited security of the United States, to wit: a Twenty Dollar ($20.00) Federal reserve note, etc. * * *."

An identical charge was made in respect of other counterfeited securities on the same date, at the same place. The in-

dictment in every particular is a valid one and has been specifically upheld by the courts. Rule 7, Federal Rules of Criminal Procedure, paragraph (c) thereof, 18 U.S. C.A., sets forth what the contents of the indictment shall be, as follows:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The indictment under consideration specifically accused the defendant of having passed three separate and distinct counterfeit securities of the government. This was sufficient, and the motion to dismiss should be and will be overruled.

Next, the defendant, through counsel, asks for a bill of particulars. In his motion the defendant says that he "shall have the right to be informed of the nature and cause of the accusation." The indictment contains this information. To be specific, the defendant says that he desires to be informed of the "dates, time or times when, place or places where, and the person or persons to whom this defendant passed, uttered or published the alleged counterfeited securities of the United States * *."

The time and the place and description of the counterfeited obligations are all set forth in the indictment. To require the government to say to whom the obligations were passed would descend to a minutia of evidence that has been universally condemned by the courts. The rule in respect of bills of particulars is well stated in 42 C.J.S., Indictments and Informations, § 156, p. 1097, as follows:

"The motion ordinarily should be allowed only where the charges of an indictment are so general that they do not advise accused of the specific acts of which he is accused, * * *."

Quite clearly the indictment in this case informs the defendant of the time, and the place, and the nature of the security. This is sufficient. The motion for a bill of particulars in like manner should be overruled.